# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JEFFREY KLINGENBERG and JENNIFER KLINGENBERG,<br><br>Plaintiffs,<br>vs.<br><br>VULCAN LADDER USA, L.L.C.; GP INTERNATIONAL CO, L.L.C.; and GP INTERNATIONAL COMPANY,<br><br>Defendants. | No. C 15-4012-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND TO EXCLUDE AN EXPERT** |

Plaintiff Jeffrey Klingenberg, a self-employed home inspector, asserts claims of manufacturing and design defects and breach of express and implied warranties, and his wife, Jennifer Klingenberg, asserts a claim of loss of consortium, after Klingenberg allegedly fell from a ladder designed and manufactured by defendant Vulcan Ladder USA, L.L.C (Vulcan).[1] Somewhat more specifically, Klingenberg was using a 17-foot multi-position ladder, model ES-17TIA-SM, with extendable "flared" sections, at the time of his fall. Klingenberg alleges that, when he remounted the ladder, after inspecting a roof, he felt the ladder move, and he fell backward. Klingenberg alleges that the ladder landed to his right. Klingenberg does not recall whether the fully-extended flared section

---

[1] It appears that the Klingenbergs allege that defendant G.P. International Co., L.L.C., a Montana limited liability company, and/or G.P. International Company, a Chinese company, is/are the parent company or companies of Vulcan. G.P. International Company has not been served. G.P. International Co., L.L.C., has joined in Vulcan's motions now before me, but for the sake of simplicity, I will simply refer to the defendants singly or collectively as "Vulcan."

was at the top or the bottom of the ladder. Vulcan alleges Klingenberg ended up on the ground, with the top of the ladder facing away from the house.

Klingenberg's expert, Mr. Fournier, opines that, due to a design defect, the ladder separated from the center section rails, which caused one of the "J" hooks on the flared section to fracture, and that the subsequent ladder movement caused Klingenberg's fall. Hence, Mr. Fournier's opinions are, in essence, that the ladder involved had design defects in that (1) the ladder's flared sections lacked a "back brace," and (2) the rails of the ladder are prone to "twisting." Vulcan's expert, Mr. Ver Halen, alleges that the damage to the "J" hook is the result of Klingenberg's impact with the ladder subsequent to his fall and was not the cause of the fall.

This case is now before me on Vulcan's March 25, 2016, Motion To Exclude The Testimony Of Expert Stephen Fournier (docket no. 26), and Motion For Summary Judgment (docket no. 25). The central thrust of Vulcan's Motion For Summary Judgment is that the Klingenbergs' claims fail, because their expert's testimony must be excluded. The Klingenbergs resisted Vulcan's motions on May 18, 2016, *see* docket nos. 31 and 32, and Vulcan filed replies on May 25, 2016, *see* docket nos. 33 and 34. I set oral arguments on these motions for June 15, 2016, *see* Order (docket no. 35), but when the movant was unable to complete the conference call within a reasonable time, I notified the parties, by e-mail, that I was canceling the oral arguments and would deem the motions fully submitted on the parties' written submissions.

Taking Vulcan's challenge to expert testimony, first, my "preliminary assessment," from review of the submissions in support of and resistance to the motion to exclude Mr. Fournier's testimony, is that the reasoning and methodology underlying the challenged opinions are scientifically valid and that the expert's reasoning and methodology can be applied to the facts in issue. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993) (first step in the court's "gatekeeper" function under

Rule 702); *Kudabeck v. Kroger Co.*, 338 F.3d 856, 860 (8th Cir. 2003) (explaining that the "gatekeeper function" involves this "preliminary assessment"). Although Vulcan is clearly unhappy with the challenged opinions, and has cloaked that unhappiness in challenges to "qualifications," "factual basis," and "reasoning and methodology," I find that the Klingenbergs have shown that their expert's qualifications are adequate to state the opinions in question and that his reasoning and methodology are appropriate and apply proper scientific principles. Moreover, I find that the challenged opinions have an adequate factual basis, such that submission of Mr. Fournier's expert opinions to a jury is warranted. Indeed, Vulcan's failure to acknowledge, in its moving papers, that Mr. Fournier has extensive experience as a forensic engineer, that he has investigated over 1,000 construction-related incidents, that over 175 of those incidents involved ladders, and most importantly, that he has been qualified as an expert 20 times in prior ladder cases, is disappointing. I realize that we operate in the crucible of an adversary system, but I cannot help but wonder if this was a lack of candor, a glaring oversight, or just really crappy litigation strategy? I hope it is not a harbinger of things to come.

I am also convinced that the proposed expert testimony is relevant and will aid the trier of fact. *Daubert*, 509 U.S. at 592 (second step in the analysis); *Kudabeck*, 338 F.3d at 860 (same). Mr. Fournier's testimony will provide information beyond the common knowledge of the trier of fact, for example, regarding circumstances causing or contributing to ladder failure. *See id*. at 591 (explaining that expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact). Ultimately, I believe that to exclude Mr. Fournier's challenged opinions from this case would "invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence." *United States v. Vesey*, 338 F.3d 913, 916-17 (8th Cir. 2003). This is a case in which "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of

3

proof" are not only "traditional," but "appropriate means of attacking shaky but admissible [expert] evidence." *Daubert*, 509 U.S. at 596; *Vesey*, 338 F.3d at 917. Indeed, many of the purported "*Daubert* grounds" upon which Vulcan challenges Mr. Fournier's expert qualifications and opinions may be effective grounds for impeaching those opinions, but they are not sufficient to exclude those opinions entirely. If I am convinced at trial that any of Mr. Fournier's specific opinions stray beyond his area of expertise, are unduly speculative, are unduly duplicative, or are otherwise deficient, those opinions can be barred or stricken and the jurors instructed accordingly.

Vulcan's challenge to expert testimony from Mr. Fournier is denied.

Turning to Vulcan's Motion For Summary Judgment, I note that the Klingenbergs concede that summary judgment is appropriate on their "manufacturing defect" claim in Count I of their Complaint. Vulcan's Motion For Summary Judgment is granted to that extent, but otherwise denied. More specifically, Vulcan argues that it is entitled to summary judgment on the Klingenbergs' "design defect" claim in Count II, because it is entitled to the exclusion of Mr. Fournier's expert testimony; that it is entitled to summary judgment on the Klingenbergs' "breach of implied warranty of merchantability" claim in Count IV, because the Klingenbergs have no evidence of a manufacturing or design defect, without Mr. Fournier's testimony; and that it is entitled to summary judgment on Jennifer Klingenberg's "loss of consortium" claim in Count V, because her claim depends upon proof of the Klingenbergs' other claims. Because I have denied Vulcan's request to exclude Mr. Fournier's expert testimony, I likewise deny Vulcan's request for summary judgment on the Klingenbergs' "design defect" claim, "breach of implied warranty" claim, and "loss of consortium" claim. The jury may indeed find Vulcan's expert more qualified than Klingenberg's and his testimony more credible, but that is precisely what the Seventh Amendment is for, not Rule 56.

The only part of Vulcan's Motion For Summary Judgment requiring slightly more analysis is Vulcan's challenge to the Klingenbergs' "breach of express warranty" claim in Count III. Vulcan argues that the Klingenbergs have presented no evidence that the ladder failed to meet any representation included in the ladder's labeling. Instead, Vulcan argues, Klingenberg owned the ladder for a year and a half prior to the accident and had used it over 160 times without incident, including approximately 80 times with the ladder in the accident configuration. The Klingenbergs counter that the ladder had a label attached that expressly warranted that the ladder had an "Industrial Rating Working Load" of "300 lbs." They also point to promotional material warranting that the ladder could be safely used in the fully-extended position, as Klingenberg, who weighed less than 300 lbs., was using it when it failed. They argue that the number of times that Klingenberg used the ladder without failure is irrelevant. In reply, Vulcan argues that, because the Klingenbergs cannot establish that the ladder failed (rather than being damaged by Klingenberg's fall), they cannot establish a breach of the express warranty.

I conclude that the Klingenbergs have pointed to evidence generating genuine issues of material fact that there was an express warranty and evidence, including Klingenberg's and his expert's testimony, that his fall was caused by ladder failure in a manner contrary to that express warranty, which is sufficient to generate genuine issues of material fact that an express warranty was breached. *See Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*) (to survive summary judgment, "[t]he nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87)); *see also Johnson v. Crooks*, 326 F.3d 995, 1005 (8th Cir. 2003) (explaining that a fact is material when it "'might affect the outcome of the suit under the governing law'" (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Vulcan is only entitled to summary judgment on the Klingenbergs' "manufacturing defect" claim.

THEREFORE,

1. Defendant Vulcan's March 25, 2016, Motion To Exclude The Testimony Of Expert Stephen Fornier (docket no. 26) is **denied**;

2. Defendant Vulcan's March 25, 2016, Motion For Summary Judgment (docket no. 25) is **granted in part and denied in part**, as follows:

    a. The motion is **granted** as to the Klingenbergs' "manufacturing defect" claim in Count I of their Complaint, *but*

    b. The motion is otherwise **denied**.

**IT IS SO ORDERED**.

**DATED** this 22nd day of June, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA