# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JEFFREY KLINGENBERG and JENNIFER KLINGENBERG<br><br>Plaintiffs,<br><br>vs.<br><br>VULCAN LADDER USA, LLC; and G.P. INTERNATIONAL COMPANY<br><br>Defendants. | No. 15-CV-4012-KEM<br><br>**ORDER** |

This case involves claims brought by Plaintiffs Jeffrey and Jennifer Klingenberg against Defendants Vulcan Ladder USA, LLC (Vulcan) and GP International Company (GP International) for injuries sustained from a ladder the Defendants manufactured, designed, distributed, and sold. After a four-day jury trial, the jury found in favor of the Defendants on Plaintiffs' design defect claim and in favor of Plaintiffs on their breach of express warranty claim, and the jury awarded Plaintiffs $2,434,000 in damages. Docs. 115, 117. Judgment in that amount was entered on September 29, 2017 (Doc. 119), execution of which was automatically stayed for fourteen days under Federal Rule of Civil Procedure 62(a). Vulcan and GP International now move for a stay of execution of judgment pending resolution of their to-be-filed post-trial motions and request that the stay be unsecured. Doc. 122. Plaintiffs resist. Doc. 125. **I grant the motion in part and deny the motion in part**.

Under Federal Rule of Civil Procedure 62(b), the court has discretion[1] to stay execution of judgment pending the resolution of post-trial motions "[o]n appropriate terms for the opposing party's security." *See also, e.g.*, *Nunley v. Ethel Hedgeman Lyle Acad.*, No. 4:08-CV-1664 CAS, 2010 WL 501465, at *1-2 (E.D. Mo. Feb. 8, 2010). "The district court may only stay execution of judgment pending the disposition of certain post-trial motions . . . if the court provides for the security of the judgment creditor." *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996).[2] "[A] supersedeas bond is the standard form of security . . . ." *S. Wine & Spirits of Nev. v. Mountain Valley Spring Co.*, No. 08-6100, 2010 WL 11512359, at *2 (W.D. Ark. Jan. 28, 2010); *see also Am. Family Mut. Ins. Co. v. Miell*, No. C04-0142, 2008 WL 746604, at *1 (N.D. Iowa Mar. 19, 2008). The purpose of the security requirement "is to preserve the status quo while protecting the [opposing] party's rights." *Am. Family*, 2008 WL 746604, at *1. "[T]he amount of the [supersedeas] bond usually will be set in an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay." *Skrovig v. BNSF Ry. Co.*, No. CIV. 10-4022, 2012 WL 2505749, at *2 (D.S.D. June

---

[1] The four-factor test cited by the parties applies only to stays of execution of judgments involving injunctive or similar relief, not monetary relief. *See, e.g., Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1027, 1032-1035 (N.D. Iowa 2004) (while addressing stay pending appeal, applying four-factor test only to that part of the judgment ordering that plaintiff's employment be reinstated, but not to that part of the judgment involving money damages); *see also, e.g., Reserve Mining Co. v. United States*, 498 F.2d 1073, 1076-77 (8th Cir. 1974) (noting standards for stays of injunctive relief under Rule 62); *Long v. Robinson*, 432 F.2d 977, 978-79 (4th Cir. 1970) (applying four-factor test to deny a stay pending appeal of a judgment that declared a statute unconstitutional and that ordered some prisoners released to other authorities).

[2] *Peacock* cites the prior version of Rule 62(b), which required the court to issue a stay "on such conditions for the security of the adverse party as are proper." 516 U.S. at 359 n.8. "The rule was amended as part of the general restyling of the Civil Rules," and "[t]he change was intended to be stylistic only." *Am. Family Mut. Ins. Co. v. Miell*, No. C04-0142, 2008 WL 746604, at *1 n.1 (N.D. Iowa Mar. 19, 2008) (citing Fed. R. Civ. P. 62 advisory committee's note to 2007 amendment).

28, 2012) (alterations in original) (quoting Wright, Miller & Kane, *Federal Practice and Procedure Civil* § 2905 at 522).

"Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of" the fourteen-day automatic stay in Rule 62(a). *Ssangyong (U.S.A.), Inc. v. Innovation Grp., Inc.*, No. 3-96-CV-10165, 2000 WL 1339229, at *1 (S.D. Iowa Aug. 10, 2000). "[A] full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable." *Skrovig*, 2012 WL 2505749, at *2 (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980)). Nevertheless, the court may, in its discretion, dispense with the requirement of a supersedeas bond in certain instances. *See id.* at *2 ("If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency . . . , the court may then exercise [its] discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond." (quoting *Poplar Grove Planting & Ref. Co.*, 600 F.2d 1189, 1190 (5th Cir. 1979))); *S. Wine & Spirits*, 2010 WL 11512359, at *2 ("Alternative forms of security have been found appropriate (1) where the judgment debtor's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and (2) where the requirement would put the defendant's other creditors in undue jeopardy." (citing *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986))); *Am. Family*, 2008 WL 746604, at *2 (recognizing that an unsecured stay may be granted if the defendant affirmatively demonstrates "posting a bond or otherwise providing adequate security is impossible or impractical" (quoting *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D.S.C. 1984))); *Ssangyong*, 2000 WL 1339229, at *1

("[A] stay without bond may be granted 'if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery.'" (quoting *Texaco, Inc. v. Pennzoil Co.,* 784 F.2d 1133, 1155 (2d Cir.1986))). The burden is on the party seeking the stay to prove that a supersedeas bond should not be required. *See Am. Family*, 2008 WL 746604, at *2; *see also Poplar Grove*, 600 F.2d at 1191.

For example, in *Federal Prescription Services*, the D.C. Circuit upheld the district court's grant of an unsecured stay of execution of judgment pending appeal[3] when the judgment was for $102,000, and the judgment debtor had a net worth of about 47 times that amount and was a long-time resident of the District of Columbia. 636 F.2d at 761. The Seventh Circuit has also upheld an unsecured stay of judgment pending appeal when a supersedeas bond would have cost almost $2 million, the judgment creditor's net worth was five times the judgment amount, the judgment debtor was "[a] public utility . . . in no financial jeopardy [and] not about to place its assets beyond the reach of th[e] judgment creditor," and the judgment debtor was required to submit periodic financial reports to the court so that it could "monitor the company's financial health." *N. Ind. Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986).

More often than granting an unsecured stay, courts grant a stay and require alternative security other than a supersedeas bond in the full judgment amount. For example, courts have allowed judgment debtors to post real estate holdings instead of a supersedeas bond in certain instances. *See, e.g.*, *Athridge v. Iglesias*, 464 F. Supp. 2d 19, 23-25 (D.D.C. 2006) (allowing defendants to post real estate holdings valued at $7.1 million as security pending appeal for a judgment of about $5.6 million when the defendants and their insurance company disputed who was responsible for paying the cost

---

[3] A supersedeas bond is also usually required to obtain a stay of execution of judgment pending appeal, and similar considerations apply when determining whether to dispense with the bond requirement pending appeal or pending resolution of post-trial motions.

4

of a supersedeas bond); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101, 1103-05 (S.D. Cal. 1990) (when a supersedeas bond in the judgment amount would cost $750,000 and the defendant's net worth was 20 times the amount of judgment, the court did not require the defendant to post a supersedeas bond to obtain a stay pending appeal, but instead required the defendant to provide real property security with a value of twice the amount of judgment); *see also Olympia Equip.*, 786 F.2d at 795-96, 799 (when plaintiffs obtained a $36 million judgment, a supersedeas bond was not required for a stay pending appeal when defendants argued they would not be able to obtain such a bond due to their shaky financial situation, but the court upheld an alternative security requirement of "a pledge of $10 million in cash, $10 million in accounts receivables, and a security interest" in physical assets valued at $70 million, as well as ordered that the defendant could not make cash transfers to its parent company unless the parent company agreed to be bound by the judgment). A court has also allowed a defendant to post an irrevocable letter of credit rather than a supersedeas bond when the defendant had great "financial strength" and could obtain a letter of credit for less than half the cost of a bond. *See Gaus v. Conair Corp.*, No. 94 Civ. 5693(FM), 2003 WL 542652, at *2 (S.D.N.Y. Feb. 14, 2003). A court has also allowed the posting of a supersedeas bond in less than the full judgment amount ($500,000 bond for a $1.5 million judgment) when the defendant's net worth was $40 million, but his assets were tied up in real estate holdings. *American Family*, 2008 WL 746604, at *1-3.

On the other hand, courts also sometimes reject a defendant's request to post anything less than a supersedeas bond in the full judgment amount. In *Southern Wine*, the court rejected the defendant's request to post a letter of credit instead of a supersedeas bond because the court had concerns about the alternative security, and the defendant had not proven that the cost of a supersedeas bond would place its creditors in undue jeopardy. 2010 WL 11512359, *2-3. In *Skrovig*, the court held that the $2 million judgment should

be secured by a supersedeas bond, despite evidence that the defendant's revenues were more than $3 billion annually, in part because the defendant refused to agree to pay any judgment affirmed on appeal within thirty days. 2012 WL 2505749, at *1-5. And in *Poplar Grove*, the Fifth Circuit reversed the district court's finding that a $10,000 supersedeas bond could secure a more than $270,000 judgment pending appeal because the record contained "no evidence which would permit a court to objectively determine that [the judgment debtor] is presently capable of responding to the judgment" nor that its "financial condition is so impaired that it would have difficulty in securing a supersedeas bond in an amount sufficient to fully protect" the judgment creditor's rights. 600 F.2d at 1190-91.

Here, as in *Poplar Grove*, no evidence or argument demonstrates that anything less than a supersedeas bond in the full judgment amount should be required. The only argument Defendants set forth in support for their request for an unsecured stay is that the briefing period for post-trial motions is short. Doc. 122-1 at 6. Defendants also state in their brief that their insurance policy covers only $1,000,000. Doc. 122-1 at 5. Defendants make no representations regarding their net worth or ability to pay the full judgment amount, and they do not propose any alternative security options to a supersedeas bond. On this record, the Defendants have not demonstrated that an unsecured stay of execution of judgment should be granted.[4] I will grant Defendants' request for a stay of execution of judgment, but deny Defendant's request that no security be required. I will require Defendants to post a supersedeas bond in the full judgment amount to secure the judgment (I will not require the bond to include post-trial interest

---

[4] Moreover, Defendant GP International is a Chinese entity, which may make the collection process difficult. *See Skrovig*, 2012 WL 2505749, at *3 (complexity of collection process is a factor to consider); *cf. Federal Prescription* Services, 636 F.2d at 757-58 (relying in part on fact that the judgment debtor was a long-time resident of the District of Columbia in upholding an unsecured stay).

at this time). I will stay execution of the judgment for ten days from the date of this order and then, upon filing of a supersedeas bond, until resolution of the anticipated post-trial motions. If a supersedeas bond is not filed within ten days from the date of this order, the stay shall be lifted until Defendants file a supersedeas bond.

Defendants argue that securing a bond can take up to thirty days, relying on *Ssangyong*. In that case, the judgment debtor represented to the court that it was in the process of obtaining a bond in the full judgment amount, but because the judgment was so large (more than $7.4 million), its insurance carriers relayed that it would be thirty days before the full judgment amount could be posted. 2000 WL 1339229, at *1. In the meantime, the judgment debtor agreed to post a $100,000 bond. *Id.* at *1 n.1. Here, Defendants have made no representations regarding the steps they have taken to secure a bond in the amount of judgment. Neither have they agreed to post a bond in some amount less than the full judgment amount. *Ssangyong* is inapplicable.

Defendants' motion to stay execution of the judgment (Doc. 122) is **granted in part and denied in part.** Execution of judgment shall be stayed for ten days, at which time the stay will be lifted unless Defendants have posted a supersedeas bond in the full judgment amount. Upon the filing by Defendants Vulcan and GP International of a supersedeas bond in the amount of $2,434,000, execution of the judgment shall be stayed until this court has resolved Defendants Vulcan and GP International's post-trial motions for a new trial and for judgment as a matter of law. While the stay is in effect, the Klingenbergs may not execute the judgment or institute any proceedings to enforce the judgment.

**IT IS SO ORDERED** this 25th day of October, 2017.

Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa